# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL ANTHONY BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV415-179 |
| | ) |
| OFFICE OF THE DISTRICT | ) |
| ATTORNEY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Michael Anthony Brown has filed a 42 U.S.C. § 1983 complaint for damages against the prosecutor and public defender involved in the state court criminal prosecution against him. Doc. 1. He also sues the "Office of the District Attorney" and the "Office of the Public Defender." *Id.*; *see also* attached state court docket showing that his prosecution ended with his October 2, 2015 guilty plea to drug possession charges).[1]

---

[1] As Brown is proceeding *in forma pauperis* ("IFP"), docs. 9 & 10, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (allowing the dismissal of IFP actions "at any time" they are determined to raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

Brown complains that defendant June Fogle, his then public defender, waived his right to a preliminary hearing without his consent. Doc. 1 at 6. He seeks "eight thousand dollars an[d] all proceedings in superior court chatham county dismissed against me." *Id.* at 7.

His case is dead on arrival. First, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the

State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).[2]

Second, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Defendant Fogle is not a state actor, so she cannot be sued under § 1983. It follows that her "office" cannot be sued either, even assuming it is capable of being used under Fed. R. Civ. P. 17 and enjoyed no *respondeat superior* or immunity defenses.

Third, the prosecutor defendant (Lauren Purvis) is immune from suit, as Brown alleges nothing beyond activities by her that fall within her official function. *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to

---

[2] Before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If Brown wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

absolute immunity for initiating prosecution even if he did so with malicious intent). It likewise follows that her "office" cannot be sued, either, even assuming it otherwise possessed Fed. R. Civ. P. 17 capacity and enjoyed no immunity defenses.

Given the sheer frivolity of Brown's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Brown to pay his filing fee. His furnished PLRA paperwork reflects $117.50 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 9. He therefore owes a $23.50 initial partial filing fee. *See* 28 U.S.C. §

1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore remit the $23.50 initial partial filing fee and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this __12th__ day of November, 2015.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5




### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia

Home   Juvenile Court   Magistrate Court   Probate Court   Recorder's Court   State Court   Superior Court   Court Forms   Court Fees

October 27, 2015    Location: Case Details    Search...

**CASE LOOKUP**

**COURT FORMS**

**COURT FEES**

**MAP & DIRECTIONS**

**JURY SERVICES**

**SITE SEARCH**

## Case Details

State
VS.
BROWN, MICHAEL ANTHONY

- Case Events
- Charges
- Parties
- Proceedings

### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR150007 |
| Case Type: | DRUGS - POSSESSION-F |
| Judge: | HONORABLE MICHAEL KARPF |
| Assistant District Attorney: | LAUREN PURVIS |
| Date Filed: | 1/2/2015 |
| Status: | CLOSED - GUILTY PLEA(N) |
| Disposition Date: | 10/2/2015 |
| Disposition: | GUILTY PLEA(N) |

### Defendant Information

| | |
|---|---|
| Name: | BROWN, MICHAEL ANTHONY |
| DIN: | S0087539 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 72 |
| Weight: | 180 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information
W. THOMAS HUDSON
317 WEST YORK STREET
SAVANNAH, GA
31401

### Bondsman Information
N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 10/2/2015 | 09:15AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | |
| 9/18/2015 | 09:00AM | ARRAIGNMENT/PLEA HEARING | MICHAEL KARPF | OTHER |
| 8/27/2015 | 1:30PM | SCHEDULING CONFERENCE | MICHAEL KARPF | |
| 6/1/2015 | 1:30PM | ARRAIGNMENT/PRETRIAL HEARING | MICHAEL KARPF | |
| 4/20/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | MICHAEL KARPF | |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-13-30(A) | POSSESSION CONTROLLED SUBSTANCE | 1 | FELONY | 2/25/2010 8:17:02 AM | Guilty Plea Negotiated 10/2/2015 |

| Sentencing Details: | Description | Fine | Duration |
|---|---|---|---|
| | IN CCJ | $0.00 | 1 Years-PRISON |

[Return to Top]

### Proceedings

| 10/2/2015 | | SENTENCE ORDER/PETITION NEG PLEA/VOL TRN/ACCUSATION | | | |
|---|---|---|---|---|---|
| 10/2/2015 | | CASE DISPOSED | GUILTY PLEA NEGOTIATED | MICHAEL KARPF | CASE DISPOSED GN |
| 10/2/2015 | 09:15AM | ARRAIGNMENT/PLEA HEARING | | MICHAEL KARPF | |

| Date | Time | Event | | Judge | Notes |
|---|---|---|---|---|---|
| 9/18/2015 | 09:00AM | ARRAIGNMENT/PLEA HEARING | OTHER | MICHAEL KARPF | |
| 8/27/2015 | 1:30PM | SCHEDULING CONFERENCE | | MICHAEL KARPF | |
| 6/4/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 6/1/2015 | 1:30PM | ARRAIGNMENT/PRETRIAL HEARING | | MICHAEL KARPF | |
| 4/20/2015 | 1:30PM | ARRAIGNMENT/CALENDAR CALL | | MICHAEL KARPF | |
| 3/24/2015 | | BOND ORDER | | | DENIED/ |
| 3/10/2015 | | PETITION FOR BOND/NISI | | | 031915 @ 845AM/CERT OF SERV/ |
| 2/12/2015 | | MOTION - FOR DISCOVERY | | | CERT OF SERV/ |
| 2/12/2015 | | DEFENDANTS LIST OF WITNESSES | | | |
| 1/20/2015 | | CONSOLIDATED MOTIONS PACKAGE | | | |
| 1/20/2015 | | ENTRY OF APPEARANCE | | | GILBERT STACY/ |
| 1/5/2015 2:02:03 PM | | SCN | | | INITIAL CASE SCREENING / SCANNING |
| 1/2/2015 | | ACCUSATION FILED - ENTERED | | | |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2015 - Chatham County Courts

2 of 2

10/27/2015 5:25 PM